Nott, J.,
delivered tbe opinion of tbe court:
Tbis is an action brought by tbe assignor of a claim for tbe use of tbe assignees, tbe equitable owners thereof. It is to recover $2,600, tbe balance alleged to be due for 4,000 loads of sand purchased by an assistant quartermaster for and on behalf of tbe defendants. Tbe facts are these:
In 1864, at Nashville, Tennessee, tbe quartermasters’ department of tbe army which held that city was building certain railroad factories and founderies. A large quantity of sand was required for tbe work. Tbe quartermaster whose duty it was to procure it, spoke to tbe claimant, tbe owner of a sand-bed. near tbe city. Tbe claimant "gave permission that it might he talcen, with the promise that he should he compensated in such amount as might he proper for his sandP After it bad been taken" tbe quartermaster estimated tbe quantity at 4,000 loads and fixed tbe price at seventy-five cents a load. There was no advertisement as required by the Act 2d March, 1861, (12 Stat. L., p. 220,) and no order of tbe commanding general as required by tbe Act teh July, 1864, (13 Stat. L.. p. 394, § 4,) neither was tbe alleged contract reduced to writing, as required by tbe Act 2d June, 1862, (12 Stat. L., p. 411 § 1.)
When tbe quartermaster’s voucher for tbis sand came before tbe Quartermaster General, be declared tbe price allowed excessive and unreasonable; and basing bis award on tbe price usually paid by tbe government for sand, be cut down tbe demand to ten cents a load and paid to tbe assignees $400. They duly objected to tbis reduction, and receiving it under protest, avowed their intention of seeking legal redress for tbe balance.
We are of tbe opinion that tbis court has not authority to bear and determine tbe action.
*364 The“.Aciio restrict the jurisdiction of the Court of. Claims,” ith July, 1864, (13 Stat. L., p. 381,) provides that its jurisdiction shall not extend among other things to any claim growing out of the “ appropriation of or damage to property by the army or navy” engaged in the stippression of the rebellion.” It is supposed that because the quartermaster spoke to Mr. Lindsley and procured his consent with an assurance of compensation, that the case is taken out of the restrictions of the statute. This cannot be so. The rights of the citizens of the United States and the jurisdiction of their courts cannot depend upon the caprice or partiality or politeness of any official. No power was ever given to any military officer to confer or withhold the jurisdiction of a court at his pleasure. The law conferred no authority on this quartermaster to say to one citizen “ I take your property by appropriation,” and to another “I take yours by contract.” The operation and effect of the statute must depend on some principle, and not on the mere form of the transaction occurring between the officer and the claimant.
It may be that this court is not restricted from jurisdiction of an action where the claimant has actually delivered his property, or rendered his service to the government on the faith of an agreement. That is, where one man in pursuance of a previous contract has brought in supplies, or another has rendered service, it,may be that his action will'not be withheld from us by the statute. If, for example, Mr. Lindsley had dug and carted and delivered this sand to the quartermaster at so much a load, and in pursuance of an agreement in due form of law, we do not say that this court could not entertain jurisdiction; for in such a case the government would have reaped a positive benefit from the agreement, and the claimants would have made a positive sacrifice on the faith of the agreement; and where there has thus been gain on the one side and loss on the other, and the gain has been acquired and the loss suffered on the faith of an agreement between the parties, it should if j)ossi-ble be upheld in a court of justice.- But in this case there was nothing gained by the government, nor lost by Mr. Lindsley through his consent. The government would have lost nothing, and he would have saved nothing if he had withheld it. There was no civil law to be violated, no constitutional obligations to be defied. The property was within a military camp held by. force of arms in a hostile country, and the rights of its owner *365 depended, on tbe will of tbe commanding general. During tbe war one quartermaster seized property, and told tbe owner that be was a rebel, and seizing bis property served him right: tbe next also Sbized it but gave some soothing words with assur-an ces of payment, and perhaps tbe formality of a voucher. Tbe legal rights of a party cannot depend on, or be judged by such trivialities. They must be founded in positive law, and be independent of tbe will and pleasure of any officer.'
We have also looked into tbe merits of tbe case, sufficiently to feel confident that if we could entertain jurisdiction, tbe case would still fall within tbe decision in Sender son’s Case, (p. 75, cmte,) and tbe contract be held void under the Act 2d June, 1862, (12 Stat., L., p. 411 § 1,) which requires all contracts to be reduced to writing.
Tbe estimate or appraisement of tbe quartermaster, and bis voucher for tbe sand, therefore, would not conclude tbe defendants. An officer can only bind tbe government in tbe manner prescribed by law, and not by a proceeding defiant of law. We do not say that a party who upon tbe faith of an agreement not in writing has parted with bis goods to tbe government may not recover for their value. There would probably be such a resulting liability from tbe acceptance and use of tbe goods. Tbe statute is between tbe government and its contractors as a statute of frauds: it does not prohibit contracts but regulates tbe manner of making them. But a claimant in such a case would have to establish tbe quantwm, valebant, of tbe goods. In this case tbe weight of evidence as to tbe value of tbe sand is with tbe defendants. Tbe price fixed by tbe quartermaster, and tbe manner of making tbe contract and managing tbe business illustrate tbe wisdom of tbe statute.
Tbe judgment of tbe court is that tbe petition be dismissed.