## SOUTH BOSTON IRON COMPANY *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

Argued April 8, 1886.—Decided April 19, 1886.

H offered to the Secretary of the Navy by letter to construct new boilers for certain vessels of the Navy.   The offer was accepted at the Navy Department, by letter, and he was also thereby informed that the drawings and specifications would be furnished as soon as possible.   A few days later he was notified to discontinue all work contracted for by him with the Depart-

ment.   On a suit brought in the Court of Claims for damages for nonper-
formance of the contract, *Held*, that the letters did not constitute a contract
with the United States under the provisions of Rev. Stat. §§ 3744–3749.

This was a suit in the Court of Claims to recover of the
United States $75,000 damages, and $143,264.06 profits, which
the claimant there alleged that it had suffered, or had been de-
prived of, by reason of the breach of two contracts which it
claimed it had made for the construction of boilers for vessels
belonging to the Navy of the United States.   The defendants
pleaded the general issue.   The only proof of the alleged con-
tract and of the breach and claim for damages was contained
in the following correspondence :

"Boston, *March 5th*, 1877.

Wm. H. Shock, Chief of Bureau of Steam Engineering, Navy
        Department, Washington.

Sir :  Having learned that new boilers are required for the
U. S. steamers Narragansett and Tuscarora, now at Mare
Island Navy Yard, California, I submit the following propo-
sition for the consideration of the Bureau of St. Engineering,
viz. :  I will build such new boilers as may be required for the
above-named ships, complete in all respects, from drawings
and specifications furnished by the bureau, the material to be
of the very best quality, and the workmanship to be first class
in all respects ;  the boilers to be finished complete, ready for
use, excepting erection on board the vessels, or in sections con-
venient for shipment, as the bureau may determine ;  the price
of the same to be, if erected complete, ready for use, thirty
and seven-eighths (30⅞) cents per pound ;  if in sections, thirty
and three-quarter (30¾) cents per pound ;  in either case to be
delivered alongside of ship at New York or Boston, as may
be determined by the bureau.   I agree to receive in part pay-
ment such old material as may be at the disposal of the
Department at the highest market prices.

I will also build one small boiler, complete in all respects,
ready for use, for the tug-boat Snowdrop, now at Norfolk,
from designs and specifications furnished by the bureau, and
deliver at navy yard, Norfolk ;  material and workmanship

to be of the best quality; price to be thirty and seven-eighths (30⅞) cents per pound.

Very respectfully, your ob'd't serv't,

WILLIAM P. HUNT,

*President South Boston Iron Co.*

(Endorsement.)

" BUREAU OF STEAM ENGINEERING,

NAVY DEPARTMENT, *March* 7, 1877.

Received at the Navy Department, March 7, 1877.

Accepted by verbal directions of the Secretary of the Navy, in obedience to his order of this date.

W. H. SHOCK,

*Ch'f of Bu. St'm Eng."*

" NAVY DEPARTMENT,

BUREAU OF STEAM ENGINEERING,

WASHINGTON, *March* 7th, 1877.

SIR: By direction of the Hon. Secretary of the Navy, your offer of the 5th inst. for boilers for the Narragansett and Tuscarora is accepted, upon the terms and conditions named in said letter, the same to be delivered alongside vessel in New York harbor for shipment to Mare Island Navy Yard; also your offer for boilers for the tug Snowdrop, to be delivered in the Norfolk Navy Yard.

The specifications and drawings will be furnished as soon as prepared.

Respectfully,          WM. H. SHOCK,

*Chief of Bureau.*

WM. P. HUNT,

*President South Boston Iron Co., Boston, Mass."*

" BOSTON, *March* 3, 1877.

SIR: Having learned that new boilers are required for the iron-clad monitor Dictator, I submit the following proposition for the consideration of the Bureau of Steam Engineering, viz.: I will build such new boiler as may be required for the above-named vessel complete in all respects from drawings

and specifications furnished by the Bureau; the materials to be of the very best quality and the workmanship to be first-class in all respects, the boiler to be furnished complete, ready for use and erection on board the vessel; the price of the same to be thirty and seven-eighths ($30\frac{7}{8}$) cents per pound, to be delivered alongside ship at New York.

Very respectfully your obedient servant,

WM. P. HUNT,
*President South Boston Iron Company.*

WM. H. SHOCK,
*Chief of Bureau of Engineering,*
*Navy Department, Washington."*

"Received at the Navy Department, March 8, 1877."

(1st Endorsement.)
"Bureau will accept."

G. M. R. *Sec'ty."*

(2d Endorsement.)
"NAVY DEPARTMENT,
BUREAU OF STEAM ENGINEERING, *March* 10, 1877.

Accepted by direction of the Hon. Secretary of the Navy, in obedience to his order of this date.

W. H. SHOCK,
*Chief of Bureau."*

"NAVY DEPARTMENT,
BUREAU OF STEAM ENGINEERING, WASHINGTON, *March* 10*th*, 1877.

SIR: By direction of the Hon. Secretary of the Navy, your offer of the 3d inst. for boilers for the U. S. iron-clad Dictator is accepted, upon the terms named in said letter, the same to be delivered alongside ship or navy yard wharf (as may be required) in New York.

The specifications and drawings will be furnished as soon as possible.

Respectfully,

WM. H. SHOCK,
*Chief of Bureau.*

WM. P. HUNT,
*Boston, Mass."*

Statement of Facts.

"NAVY DEPARTMENT, WASHINGTON, *March* 16, 1877.

GENTLEMEN : You are hereby notified to discontinue all work by you contracted for with this Department or any bureau thereof since March 1, 1877, until you shall be otherwise directed by the Secretary of the Navy.

Respectfully yours,

R. W. THOMPSON,

*Secretary of the Navy.*

SOUTH BOSTON IRON Co., *South Boston, Mass.*"

"RIGGS HOUSE, WASHINGTON, D. C., *March* 24*th,* 1880.

Hon. R. W. Thompson, Secretary of the Navy.

SIR : You are hereby notified that the South Boston Iron Company claims damages, interest and expenses of the United States in the sum of two hundred thousand ($200,000) dollars, by reason of the suspension by you of a certain contract made by your immediate predecessor in office (Mr. Robeson) on or about the 7th of March, 1877, which contract was for boilers to be furnished by said company to the Navy Department of the said United States, as specified in said contract, and that a suit for the recovery of the same will be commenced immediately.    Very respectfully,    TIMOTHY DAVIS,

*Agent and Attorney-in-Fact for the South Boston Iron Company.*"

"RIGGS HOUSE, WASHINGTON, D. C., *March* 30*th,* 1880.

Hon. Secretary of the Navy.

SIR : I had the honor on the 24th inst. to communicate to you the claim and intentions of the South Boston Iron Company under the contracts made by your predecessor with said company for boilers on or about the 7th and 10th of March, 1877.

I have received no acknowledgment of the receipt of said communication by you, and I have now respectfully to inquire if said communication reached you, and if you have any views to express as to said company's claim for damages, before the commencement of a suit, as indicated in my said letter of the 24th instant.

Very respectfully, your ob't servant,

TIMOTHY DAVIS,

*Agent South Boston Iron Company.*"

"NAVY DEPARTMENT, WASHINGTON, *March 30th*, 1880.

SIR: Your letter of the 24th inst. and your letter of this date have been received.

Very respectfully,          R. W. THOMPSON,
                                    *Secretary of the Navy.*

TIMOTHY DAVIS, ESQ.,
    *Ag't South Boston Iron Co., Washington.*"

The Court of Claims held that the provision in Rev. Stat. § 3744, which requires all contracts made with the Secretary of the Navy "to be reduced to writing, and signed by the contracting parties with their names at the end thereof," was mandatory, and that contracts which did not comply with its requirements were void, and dismissed the claimant's petition, from which judgment the claimant appealed.

*Mr. John C. Fay* for appellant.

*Mr. Solicitor General* for appellee submitted on his brief.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In *Clark* v. *The United States*, 95 U. S. 539, it was decided that, to bind the United States, contracts by the Navy Department must be in writing, and signed by the contracting parties. Such, in the opinion of the court, was the effect of the act of June 2, 1862, 12 Stat. 411, ch. 93, now in force as §§ 3744–3747 and §§ 512–515 of the Revised Statutes. An effort has been made in this case to show a contract in writing, but we agree entirely with the Court of Claims that the papers relied on for that purpose are nothing more in law or in fact than the preliminary memoranda made by the parties for use in preparing a contract for execution in the form required by law. This was never done, and, therefore, the United States never became bound. Within a very few days after the memoranda were made the whole matter was abandoned by the Department, and the Iron Company has neither performed any of the work which was referred to, nor has it ever been called on to do so.

The judgment is

*Affirmed.*