Richardson, Ch. J.,
delivered the opinion of the court:
The facts found by the court eliminate from the case several *81 questions of law argued at the trial, which, beiug founded upon alleged facts not proved, have become immaterial. Only one point of law remains, and that is whether the claimants had a valid contract for doing a larger quantity of work than they were permitted to do, and so are entitled to damages for interruption and breach of contract on the part of the defendants.
It appears that by the written contract between the parties, after advertisement for bids and proposals, the claimants, in article 1, agreed to lay “ all the rubble-stone masonry and foundation walls of the new Pension Building in Judiciary Square, in the city of Washington, D. C.,” but that the advertisement for bids, upon which both parties relied when the contract was made, stated that the quantity of rubble-stone masonry which would be required wrould be “about 900 cubic yards.”
According to the decision of this court in Brawley’s Case (11 O. Cis. 1Í,, 532, affirmed on appeal, 90 U. S. B., 168), the parties were bound only to “ a quantity approximate to that specifically named, allowing only such a slight variation therefrom as, from the circumstances of the case or the nature of the articles to be delivered [or the work to be done], may seem to the court to be reasonable.”
It seems that both parties so understood the contract, for after some progress had been made towards laying the 900 yards contracted for, the plans were changed by the defendants and it became necessary to increase the quantity three times as large as that first specified and understood between them. General Meigs, the superintendent and architect, who made the contract on the part of the defendants, thereupon orally gave them the option to go on or nob with the work beyond that contracted for at the same price. They elected to go on, but no advertisement for proposals was published and no written contract was made.
This oral arrangement between the parties was not binding upon the defendants as a contract (South Boston Iron Company's Case, 18 C. Cls. R., 165; affirmed on appeal, 118 U. S. R., 37; Barnes v. District of Columbia, 22 C. Ols. R., 386.) The Kevised Statutes, section 3744, provide that—
“It shall be the duty of the Secretary of War, of the Secretary of the Navy, and of the Secretary of the Interior to cause and require every contract made by them, severally, on behalf of the Government, or by their officers under them ap *82 pointed to make suck contracts, to be reduced to writing and signed by the contracting parties with their names at the end thereof.
The appropriations for the Pension Building were under the control of the Secretary of the Interior, and all contracts founded upon them were therefore subject to the provisions of that section of the Bevised Statutes. {Meigs’s Case, 19 C. Cls. B., 197.)
The legal effect of the oral arrangement was, that if the claimants should go on with the work they would become entitled to compensation, upon an implied assumpsit, for the value of so much as they should actually perform, which, in the absence of other evidence, would be the price fixed by the written contract for like work (Clark v. The United States, 95 U. S. R., 543), but did not operate to deprive the defendants of their right to do the whole or any part thereof themselves.
The work not progressing rapidly enough to satisfy General Meigs, he put on men and did some part of it at the expense of the defendants. This he had a right to do. It was no breach of contract on the part of the defendants tor which they were liable in damages as alleged and argued for the claimants, because there was no valid contract by which it was agreed that the work should be done by the latter.
The findings allow for all the work contemplated by the written contract, and for all that was actually done by the claimants beyond that quantity at the same price.
Judgment will be entered for the claimants for the sum of $879.47.
Nott, J., did not sit in this case and took no part in the decision.