## NEW YORK & P. R. S. S. CO. v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit. June 12, 1913.)

### No. 246.

UNITED STATES (§ 65*)—CONTRACTS—FORM—VALIDITY—STATUTES—BREACH.

    Rev. St. § 3744 (U. S. Comp. St. 1901, p. 2510), provides that it shall be the duty of the Secretary of War, the Secretary of the Navy, and the Secretary of the Interior to cause every contract made by them severally on behalf of the government, or by officers under them appointed to make such contracts, to reduce them to writing and have them signed by the contracting parties with their names at the end thereof. *Held*, that such provision was not merely for the benefit of the government, but was mandatory; and hence the United States could not recover damages for breach of a steamship company's parol contract to carry coal to Pacific ports in accordance with the steamship company's bid, where it refused to enter into a contract in writing when tendered.

    [Ed. Note.—For other cases, see United States, Cent. Dig. § 48; Dec. Dig. § 65.*]

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the United States against the New York & Porto Rico Steamship Company. Judgment for the United States (197 Fed. 995) and defendant brings error. Reversed.

On writ of error to the United States District Court for the Southern District of New York to review a judgment for $11,337.10 in favor of the United States, the plaintiff below. The action was tried by the court, a jury having been waived by written stipulation. The parties will be referred to as they appear in the court below, viz., as plaintiff and defendant.

James H. Hayden, of Washington, D. C., and Burlingham, Montgomery & Beecher and Ray Rood Allen, all of New York City, for plaintiff in error.

H. Snowden Marshall, U. S. Atty., and Addison S. Pratt and Isaac H. Levy, Asst. U. S. Attys., all of New York City.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. This action was brought to recover $10,-249.20 and interest as damages for the breach of an alleged contract by the terms of which the defendant agreed to furnish two steamers to transport, for the use of the plaintiff, not less than 8,000 tons of coal from Atlantic ports to San Francisco. It is unnecessary to re-

view the testimony in detail, for the reason that the principal question is one of law arising upon undisputed facts. The defendant contends that there can be no recovery by the plaintiff for the reason that no contract existed between them and that the papers relied on are nothing more than "the preliminary memoranda made by the parties." South Boston Iron Co. v. U. S., 118 U. S. 37, 6 Sup. Ct. 728, 30 L. Ed. 69.

Section 3744 of the Revised Statutes provides as follows:

"It shall be the duty of the Secretary of War, of the Secretary of the Navy, and of the Secretary of the Interior, to cause and require every contract made by them severally on behalf of the government, or by their officers under them appointed to make such contracts, to be reduced to writing, and signed by the contracting parties with their names at the end thereof." U. S. Comp. St. 1901, p. 2510.

It is not pretended that the provisions of this law were complied with in the present case. The negotiations for transporting the coal in question were carried on by the Navy Department on one side and the defendant on the other. The agreement was not reduced to writing and, of course, it was not signed by the parties at the end thereof or anywhere else. The language of the statute is so clear and explicit that it is not easy to see how there can be any serious question as to its meaning. Assuming that it was the intention of the law makers that no oral agreement, no matter how clear the proof, should be recognized, it is difficult to perceive how they could have expressed themselves with greater clearness than by directing that every contract shall be reduced to writing and signed by both parties with their names at the end thereof. But if any doubt as to the interpretation of the law existed it was set at rest by the decision of the Supreme Court in Clark v. U. S., 95 U. S. 539, 24 L. Ed. 518. Mr. Justice Bradley, in speaking of the law in question here, says:

"The Court of Claims has heretofore held that act to be mandatory, and as requiring all contracts made with the departments named to be in conformity with it. The arguments by which this view has been enforced by that court are of great weight, and, in our judgment, conclusive. * * * Perhaps the primary object of the statute was to impose a restraint upon the officers themselves, and prevent them from making reckless engagements for the government; but the considerations referred to make it manifest that there is no class of cases in which a statute for preventing frauds and perjuries is more needed than in this. And we think that the statute in question was intended to operate as such. It makes it unlawful for contracting officers to make such contracts in any other way than by writing signed by the parties. This is equivalent to prohibiting any other mode of making contracts. Every man is supposed to know the law. A party who makes a contract with an officer without having it reduced to writing is knowingly accessory to a violation of duty on his part. Such a party aids in the violation of the law. We are of opinion, therefore, that the contract itself is affected, and must conform to the requirements of the statute until it passes from the observation and control of the party who enters into it."

See also St. Louis Hay & Grain Co. v. U. S., 191 U. S. 159, 24 Sup. Ct. 47, 48 L. Ed. 130, in which Mr. Justice Holmes says:

"Although, no doubt, both parties supposed their agreement binding, the Court of Claims held, and it is not disputed, that the contract was within Rev. St. § 3744, and not having been 'reduced to writing, and signed by the

contracting parties with their names at the end thereof,' could not have been sued upon if it had not been performed."

The contention that the statute is made only for the protection of the government is, we think, contrary to good law and good morals as well. There is nothing in the language of the act to warrant such an interpretation. If it had been the intention of Congress to make the signature of one of the parties evidence of a contract, it surely would have so said. Instead of doing so, it says that the writing must be signed by the contracting parties with their *names* at the end thereof. We cannot believe that it was the purpose of Congress to permit the government to enforce, as against the citizen, an oral agreement or one partly evidenced by writing, but which violates all the requirements of the statute, and refuse all relief when a citizen seeks to enforce a similar contract against the government. It cannot be that the validity of a contract depends upon whether the party of the first part or the second part is seeking to enforce it. Such a construction would enable the government, in cases like the one at bar, to enforce an unsigned agreement if favorable to it and repudiate it if favorable to the other party. We have nothing to do with the policy of the law, whether wise or unwise, we take it as we find it and construe it according to the obvious meaning of the language employed. The question is not what the law should be, but what it is, and that question, in view of the interpretation of the Supreme Court, is not in our opinion open to doubt. If Congress wishes the agreements between the Navy Department and individuals to depend on oral testimony, it has only to repeal or modify the statute in question; this court can do neither.

The judgment is reversed.