Graham, Judge,
delivered the opinion of the court:
This is a claim by the plaintiff for the value of certain materials purchased, labor done, and expenses incurred, in connection with the proposed construction of three hangars at Galveston, Tex., upon which he had made a bid but for which he was never awarded a contract. No contract was ever executed between the parties in writing, as required by law. The representative of the Government with authority to let this contract, and to approve it as prepared, was the Chief of the Bureau of Yards and Docks. Under him were several subordinate divisions of this bureau, each of which performed certain duties, subject to his approval. There was also employed in connection with the work an engineer-known as the project manager, whose duty it was to watch the progress of the work after the contract had been let. The plaintiff never received any formal notification by the Chief of the Bureau of Yards and Docks or any of his subordinates that his proposal had been accepted and the contract awarded. After filing his bid the plaintiff was requested by the said project manager not to wait for the acceptance of his proposal, but to proceed with preparations for the erection of the hangars, and he thereupon-placed orders for certain materials, a part of which was shipped and delivered at the site where the hangars were to be built, and part was delivered to the plaintiff’s shops at Houston, Tex., for certain work to be done thereon before being shipped to *402 tbe site of the construction of the hangars. Upon these latter materials, certain labor was performed and upon all certain payments of freight were made. The plaintiff also did some dredging along the beach at the site of the hangars.
The plaintiff’s bid was dated September 30, 1918, and a short time after the armistice, November 11, 1918, the plaintiff was notified that his bid was rejected. Thereafter the material delivered there remained at the site of the work at Galveston, some of it in an unprotected condition. The plaintiff was given permission by the Bureau of Yards and Docks to remove to Houston, for use by him elsewhere, some of the materials he had theretofore assembled at the site of the proposed work; and at the same time, because of poor-storage facilities and protection at the site of the work, and deterioration of the materials, the remainder of said materials and the plaintiff’s equipment there at said site were, at the direction of the public works officer there in charge for the Government, also shipped to the plaintiff at Houston. All of the said materials have since continued in the possession of the plaintiff. There were certain negotiations between the plaintiff and the defendant in regard to the Government taking over these materials and making a settlement with the plaintiff, but these negotiations failed, and thereupon the plaintiff brought this suit.
It is to be borne in mind that this was a proposed contract for the erection of three hangars and not a contract to supply to the Government materials for their erection. The materials which the plaintiff purchased were purchased for his own use in this proposed erection and not the Government’s use. As delivered upon the site of the work at Galveston and at his shops at Houston, they were materials of the plaintiff and did not and could not become the property of the Government unless the Government had taken them over and accepted them as its property or used them as such. All of the expenditures of the plaintiff were made on his own account in preparation for the work of erecting these hangars.
It will also be noted that this is, as appears from the petition, a suit not to recover the value of the materials furnished to or used by the Government, or for labor done *403 and expenses incurred, from which the Government, received benefit. It is a suit to recover the difference between the cost of said materials to the plaintiff and the salvage valué thereof in his hands. On its face it would seem to be a suit for damages for breach of contract and not on a quantum meruit for the value of materials supplied under an implied contract, which latter seems to be the ground of the relief sought here. However this may be, the plaintiff had no legal contract with the Government. He is visited with knowledge of the law and the requirements that contracts be in writing and properly executed. The plaintiff proceeded to order and place these materials at the site' and in his shop and to incur expenses for labor and freight charges at his peril. His only possible ground of recovery is on an implied contract for the value of materials furnished, accepted or used; and labor done and expenses incurred, from which the Government received benefit. The value found by the court of the materials purchased, labor performed, and outlays made by the plaintiff, was $39,831.14. Of this sum, $37,543.80 represents the materials purchased, labor performed, and outlays made, which were not accepted by the Government and from which it received no benefit, and for this amount the plaintiff can not recover.
Under the numerous decisions of the courts, to the extent that the Government received the benefit of this labor and accepted these supplies from the plaintiff, the Government is liable under an implied contract. Clark v. United States, 95 U. S. 539; South Boston Iron Co. v. United States, 118 U. S. 37.
The invalidity of a contract is immaterial after it has been performed or partially performed. When a lawful transfer of property is executed it does not matter whether the terms of the execution were void or valid while ex-ecutory, and therefore can not be revoked or the terms changed. A promise to make a gift does not bind, but the gift can not be taken back, and the transfer in pursuance of mutual promises is not made less effectual by those promises or by the fact that money was received in exchange. A contract may be void as such, but it expresses the terms on which *404 the parties respectively paid their money and delivered their goods. Savage v. United States, 92 U. S. 382; St. Louis Hay & Grain Co. v. United States, 191 U. S. 159.
The plaintiff, however, did certain work of dredging from which the Government received benefit, the value of which was $2,287.34, and for this amount he should be allowed recovery. Judgment for the plaintiff in the sum of $2,287.84. And it is so ordered.
Hat, Judge; Dowkex, Judge; Booth, Judge; and Camf-belh, Chief Justice, concur.